# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ESTECH SYSTEMS IP, LLC,**<br>Plaintiff,<br>**v.**<br>**MITEL NETWORKS CORPORATION**<br>Defendant. | Case No. 2:26-cv-931<br>PLAINTIFF'S ORIGINAL COMPLAINT<br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Estech Systems IP, LLC ("Estech") files this Original Complaint for breach of contract against Defendant Mitel Networks Corporation ("Mitel") alleging as follows:

## NATURE OF THE ACTION

1. This is a claim for breach of contract under the laws of the State of Texas. Mitel has failed and refused to pay Estech the amount contractually owed under Section 4.2(ii) of the parties' Settlement and License Agreement effective August 30, 2023 (the "Agreement"). The amount owed exceeds the jurisdictional minimum to establish diversity jurisdiction.

## THE PARTIES

2. Plaintiff Estech Systems IP, LLC, is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Plano, Texas. Each member of Estech Systems IP, LLC, is a citizen of the State of Texas.

3. Defendant Mitel Networks Corporation is a corporation organized under the laws of Canada, with its principal place of business at 4000 Innovation Drive, Kanata, Ontario Canada K2K 3K1. Mitel may be served with process at its principal place of business or by such other means as authorized under Federal Rule of Civil Procedure 4(h).

## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because this is a civil action between Estech, a citizen of Texas, and Mitel, a citizen of Canada. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Jurisdiction and venue are proper because the parties have agreed that the state and federal courts having jurisdiction in the Eastern District of Texas shall have exclusive jurisdiction over any disputes arising out of the Agreement.

6. The Court also has specific personal jurisdiction over the defendant because Mitel purposefully availed itself of the privilege of conducting business in Texas, and Estech's claim arises out of Mitel's contacts with the State of Texas. Mitel entered into the Agreement with Estech, a Texas resident, to resolve the Infringement Case, which Estech filed and prosecuted in this District. A settlement in principle, including the main terms that formed the Agreement were negotiated within this District, in Marshall, Texas, while the Infringement Case was in trial before this Court, and that settlement ended the trial. The Agreement creates continuing obligations centered in Texas. The Agreement requires Mitel to make payments, including the payment at issue in this case, to a bank account in Texas; it is governed by Texas law; and it designates the courts within this District as the exclusive forum for disputes arising out of it. This case arises from Mitel's failure to make one of the payments required in Texas. Mitel therefore should reasonably have anticipated being haled into court in Texas, and the exercise of jurisdiction over Mitel comports with traditional notions of fair play and substantial justice.

7. Venue is also proper in this District under 28 U.S.C. § 1391(c)(3) because Mitel is not a resident of the United States and may be sued in any judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to

Estech's claim occurred in this District. The parties negotiated and reached the principle terms that formed the Agreement in Marshall, Texas, during the trial of the Infringement Case in this Court, and the Agreement resolved that case. Venue in this District is also consistent with the parties' agreement that the state and federal courts within this District are the exclusive venue for disputes arising out of the Agreement.

8. Estech has satisfied all conditions precedent to bringing this action.

## FACTUAL BACKGROUND

### A. The Patent Infringement Case and the Settlement and License Agreement

9. Estech filed a patent infringement case against Mitel Networks, Inc. ("MNI"), an affiliate of Mitel, in this Court on December 30, 2021; that case was captioned *Estech Systems IP, LLC v. Mitel Networks, Inc.*, Case No. 2:21-cv-00473-JRG-RSP (E.D. Tex.) (the "Infringement Case"), alleging infringement of several patents, including U.S. Patent No. 7,068,684 (the "'684 Patent").

10. Estech asserted claims 1-7, 29-41, and 47-53 of the '684 Patent in that case, and later elected to assert claims 29-33 and 47 of the '684 Patent at the trial of that case. *See* Infringement Case, Dkt. 474.

11. On July 16, 2021, Cisco Systems, Inc. filed a request with the United States Patent and Trademark Office ("USPTO") for *ex parte* reexamination of claims 29-41 of the '684 Patent (the "Cisco Reexamination"). That proceeding was assigned Control No. 90/014,804.

12. On May 2, 2023, MNI filed a request with the USPTO for *ex parte* reexamination of claims 1-3 and 47 of the '684 Patent (the "Mitel Reexamination"). That proceeding was assigned Control No. 90/015,227.

13. On August 30, 2023, Estech and Mitel entered into a Settlement and License Agreement (the "Agreement") that, among other things, resolved the Infringement Case.

14. The Agreement provides that Mitel [redacted]

15. The Agreement provides that Estech is entitled to seek its reasonable attorneys' fees and costs incurred in recovering for breach of the Agreement.

16. The Agreement provides that the [redacted]

**B. Claim 47 of the '684 Patent Survived *Ex Parte* Reexamination, [redacted]**

17. In the Mitel Reexamination, the Patent Trial and Appeal Board reversed the Examiner's previous rejection of claims 1-3 and 47 of the '684 Patent on October 29, 2025.

18. The USPTO issued its Notice of Intent to Issue an *Ex Parte* Reexamination Certificate in the Mitel Reexamination, confirming the patentability of claims 1-3 and 47 of the '684 Patent, on December 19, 2025. A true and correct copy of the Notice of Intent to Issue an *Ex Parte* Reexamination Certificate in the Mitel Reexamination is attached as Exhibit A.

19. The USPTO formally issued its *Ex Parte* Reexamination Certificate in the Mitel Reexamination, confirming the patentability of claims 1-3 and 47 of the '684 Patent, on or about January 30, 2026. A true and correct copy of that Reexamination Certificate is attached as Exhibit B. Claim 47 is among the claims that Estech elected to assert at the trial in the prior Infringement Case.

20. Claim 47 of the '684 Patent (one of the claims asserted in the Infringement Case) accordingly survived *ex parte* reexamination, within the plain meaning of the Agreement. That is

true whether the relevant date of survival is deemed to be October 29, 2025 (reversal of Examiner's previous rejection of claims 1-3 and 47 of the '684 Patent), or December 19, 2025 (issuance of the Notice of Intent to Issue a Reexamination Certificate), or January 30, 2026 (formal issuance of the Reexamination Certificate). Under each of those dates, Mitel's payment obligation under the Agreement has long been triggered and is now overdue.

21. In the Cisco Reexamination, the only other *ex parte* reexamination proceeding ever filed concerning the '684 Patent, the USPTO issued its Notice of Intent to Issue a Reexamination Certificate on May 1, 2026, and issued its *Ex Parte* Reexamination Certificate canceling claims 29-41 of the '684 Patent on June 17, 2026. True and correct copies of that Notice of Intent to Issue an *Ex Parte* Reexamination Certificate in the Cisco Reexamination and that Reexamination Certificate are attached as Exhibits C and D, respectively. These certificates confirm that, by at least no later than June 17, 2026, there were no pending *ex parte* reexamination proceedings concerning the '684 Patent.

22. As of the date of this Complaint, no *ex parte* reexamination proceeding on the '684 Patent is pending. The only two *ex parte* reexaminations ever filed as to the '684 Patent—the Mitel Reexamination and the Cisco Reexamination—concluded months ago.

**C. Estech's Demand for Payment and Mitel's Refusal to Pay**

23. Estech wrote to Mitel on December 22, 2025, regarding the Mitel Reexamination, identifying the PTAB reversal on October 29, 2025, and the Notice of Intent to Issue a Reexamination Certificate of December 19, 2025, demanding payment under the Agreement.

24. Mitel responded on January 13, 2026, asserting that "while the NIRC indicates that the reexamination proceeding has concluded," the proceeding was purportedly not yet "complete" because the reexamination certificate had not yet issued. Mitel also requested that, as "soon as the

certificate issues," to please let Mitel know and it would "revisit the payment within 30 days of the issuance."

25. Estech advised Mitel on January 29, 2026, that while Estech did not agree with Mitel's position about the need for a reexamination certificate to trigger the payment obligation, the reexamination certificate had already issued in the Mitel Reexamination. Estech again requested payment.

26. Mitel responded on February 10, 2026, asserting for the first time that a then-still-running appellate window over the separate Cisco Reexamination might render Estech's payment request premature. Mitel stated it would "revisit" payment after all *ex parte* reexamination proceedings on the '684 Patent had concluded and certificates had issued in each.

27. After the USPTO issued its *Ex Parte* Reexamination Certificate in the Cisco Reexamination on June 17, 2026, Estech forwarded that certificate to Mitel and renewed its request for payment. Applying Mitel's own stated interpretation in its previous correspondence, all pending reexaminations had by then concluded given that both reexamination certificates had previously issued. So the contractual payment was due and owing even under Mitel's interpretation of the Agreement.

28. But Mitel did not respond. So Estech sent Mitel a demand letter on June 23, 2026, notifying Mitel of its material breach of the Agreement, advising that the 30-day cure period under Section 4.7 of the Agreement had expired, and affording Mitel a final opportunity to cure by making the contractual payment on or before July 17, 2026.

29. Mitel responded on June 25, 2026, asserting that no breach had occurred and taking the new position that Mitel's payment obligation could not be assessed until October 15, 2026.

30. On the same day, Estech replied, explaining that the Agreement's reference to October 15, 2026, would excuse payment [redacted] Thus, Mitel's payment obligation had already accrued and is overdue. Estech again reiterated the opportunity to cure Mitel's breach by making the payment by July 17, 2026.

31. Despite Estech's repeated efforts and Mitel's repeated opportunities to cure its breach, Mitel has failed and refused to make the contractual payment owed under the Agreement.

**COUNT I — BREACH OF CONTRACT**

32. Estech repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

33. Estech and Mitel entered into a valid and enforceable contract in the Agreement.

34. Estech performed, or in the alternative substantially performed, all of its obligations under the Agreement, or such obligations have been waived, excused, or satisfied.

35. Mitel breached the Agreement by not making the payment to Estech as provided by the Agreement.

36. Mitel's failure to pay constitutes a material breach of the Agreement.

37. As a direct and proximate result of Mitel's breach, Estech has suffered damages in excess of the Court's jurisdictional minimum in diversity cases, together with pre-judgment and post-judgment interest as allowed by law.

38. Prejudgment interest at the rate of $205.48 per diem has accrued since the date of breach.

39. Under Section 10.9 of the Agreement and Texas Civil Practice and Remedies Code § 38.001, Estech is entitled to recover its reasonable attorneys' fees and costs incurred in prosecuting this case.

**DEMAND FOR JURY TRIAL**

Estech hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Estech respectfully requests that the Court find in its favor and against Mitel, and that the Court grant Estech the following relief:

a. Judgment that the Agreement is a valid and enforceable contract that has been breached by Mitel;

b. Judgment that Mitel accounts for and pays to Estech all damages to and costs incurred by Estech because of Mitel's breach of the Agreement;

c. Pre-judgment and post-judgment interest at the maximum rate allowed by law on the damages caused by Mitel's breach of the Agreement;

d. Estech's reasonable attorneys' fees and costs of court, pursuant to Section 10.9 of the Agreement and Texas Civil Practice and Remedies Code § 38.001; and

e. Such other and further relief, at law or in equity, to which Estech may show itself justly entitled.

Dated: October 15, 2026

Respectfully submitted,

*/s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Lea N. Brigtsen
Texas State Bar No. 24054504
Stephen R. Dartt

Texas State Bar No. 24042370
WILLIAMS SIMONS & LANDIS PC
The Littlefield Building
106 East Sixth Street, Suite 900-168
Austin, Texas 78701
Telephone: (512) 543-1356
fwilliams@wsltrial.com
lbrigtsen@wsltrial.com
sdartt@wsltrial.com

*Attorneys for Plaintiff Estech Systems IP, LLC*